IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CRAIG ALLEN BEEDING                                                                    PLAINTIFF

VERSUS                                                CIVIL ACTION NO. 3:10cv00713 DPJ-FKB

HINDS COUNTY, MISSISSIPPI, MALCOLM
E. McMILLIN, in his individual capacity and in
his official capacity as Sheriff of Hinds County,
Mississippi, TYLER MILLER, in his individual
capacity and in his official capacity as a
Deputy Sheriff of Hinds County, Mississippi                                          DEFENDANTS

## AMENDED COMPLAINT

JURY TRIAL REQUESTED

COMES NOW, the Plaintiff, CRAIG ALLEN BEEDING, by and through his undersigned attorney, and respectfully brings this Amended Complaint against the above-named Defendants and would show as follows:

1.

This action is brought pursuant to the Mississippi Tort Claims Act and also pursuant to 42 USC §§ 1983 and 1988.  The Plaintiff requests that the Tort Claims Act portion of the case be heard by the presiding Judge and that a Jury also be empaneled at the trial to decide on the liability and damages recoverable pursuant to the Section 1983 and 1988 claims.

2.

The Plaintiff herein is an adult resident citizen of Lamar County, Mississippi.

3.

The Defendant, HINDS COUNTY, MISSISSIPPI, is a governmental subdivision of the State of Mississippi, which may be served with this Amended Complaint by service on its Counsel of record as shown by the Certificate of Service attached hereto.

4.

The Defendant, MALCOLM E. McMILLIN, is an adult resident citizen of Hinds County, Mississippi, who may be served with this Amended Complaint by service on his Counsel of record as shown by the Certificate of Service attached hereto.

5.

The Defendant, TYLER MILLER, is an adult resident citizen of Rankin County, Mississippi, who may be served with this Amended Complaint by service on his Counsel of record as shown by the Certificate of Service attached hereto.

6.

This action was originally filed in the Circuit Court of Hinds County, Mississippi and was removed to this Court by the Defendants, Malcolm E. McMillin and Hinds County, Mississippi pursuant to 28 U.S.C. § 1441, *et seq.*  This Court has jurisdiction of this action pursuant to 28. U.S.C. § 1331 as the original Complaint and this Amended Complaint allege *inter alia*, violations of the Constitution of the United States and contain claims for damages pursuant to 42 U.S.C. §§ 1983 and 1988.

7.

On or about October 23, 2008, the Plaintiff herein was wrongfully arrested in Hattiesburg, Lamar County, Mississippi by the Defendant, TYLER MILLER and two (2)

other Hinds County Deputy Sheriffs. The Plaintiff was charged, by an affidavit executed by Defendant Tyler Miller, with a misdemeanor, petit larceny, for allegedly stealing a Deputy Sheriff's badge belonging to the Hinds County Sheriff's Office. After his arrest the Plaintiff was transported by the said Hinds County deputies from Lamar County, Mississippi to the Hinds County Jail in Jackson, Mississippi.

8.

The Defendant Tyler Miller executed the subject affidavit on behalf of the Hinds County Sheriff's Office and filed it with the Justice Court of Hinds County, Mississippi even though Deputy Miller did not see the Plaintiff take the subject badge and even though he had no personal knowledge, other than speculation, to support the subject affidavit. In fact, the badge had not been stolen and was later found in Defendant Tyler Miller's briefcase. A true and correct copy of Tyler Miller's affidavit is attached hereto and marked Exhibit "A".

9.

After his arrest in Hattiesburg, the Plaintiff was taken to the Hinds County Jail in Jackson, Mississippi by Defendant Miller and the two other Deputies. Once at the jail the Plaintiff was informed that he was to be released on his own recognizance and therefore would not be there very long. However, instead of being booked and released, the Plaintiff was placed into a jail cell at the Jackson Hinds County jail, where he sat for two (2) or three (3) hours before being transported to the Hinds County Detention Center in Raymond, Mississippi. At the Raymond facility the Plaintiff was again placed into a jail cell without being booked or processed and without being released even though "ROR",

(Release on Recognizance), was written in large letters on his arrest form.

10.

While the Plaintiff was in the custody of the Hinds County Sheriff's Office, a Forrest County Deputy Sheriff inquired about the Plaintiff and was told by Defendant Miller that the Plaintiff was being released on his own recognizance and he (the Forrest County Deputy) could go ahead and get him out. The Forrest County Deputy then drove from Hattiesburg to the Hinds County Detention Center in Raymond, Mississippi to get the Plaintiff out of jail, arriving at approximately two o'clock, a.m. Once at the Raymond facility the Forrest County Deputy was first told that the Plaintiff was not there. When the Forrest County Deputy insisted that he was sure the Plaintiff was there, he was then told the Plaintiff was being held at the Raymond facility, but could not be released. The Forrest County Deputy then offered to post a cash bond for the release of the Plaintiff but was told he could not do so.

11.

At approximately 8:33 a.m. on October 24, 2008, the day after he was arrested, the Plaintiff was finally booked by the Hinds County Sheriff's Office. The Plaintiff was then released at 8:42 a.m. The Plaintiff was unable to gain his freedom any earlier because he was not booked until 8:33 a.m. the day after he got arrested. The Plaintiff was not booked until the day after he got arrested because of the unconstitutional policies and procedures promulgated by the Defendant, Malcolm E. McMillin as the Sheriff of Hinds County, Mississippi.

12.

A Court date of December 16, 2008 was set for a hearing on the petit larceny charge against the Plaintiff.  That hearing never occurred because Defendant Miller dropped the charges after he (Miller) found the allegedly stolen badge in his own briefcase.

13.

The Hinds County Sheriff's Office falsely arrested the Plaintiff on the basis of a false affidavit which had been executed by a Hinds County Deputy for and on behalf of the Hinds County Sheriff's Office.  At all times relevant hereto, Deputy Tyler Miller was acting for and on behalf of Sheriff Malcolm E. McMillin, the Hinds County Sheriff's Office and Hinds County, Mississippi and under color of state law.

14.

The false affidavit referred to above, executed by Defendant Tyler Miller for and on behalf of Defendants, Malcolm E. McMillin and Hinds County, Mississippi, constitutes libel and defamation *per se* against the Plaintiff and the Plaintiff is entitled to damages for that libel and defamation pursuant to the Mississippi Tort Claims Act.

15.

The Defendants herein had the Plaintiff falsely arrested and falsely imprisoned on the basis of a false affidavit and the Plaintiff is entitled to damages for said false imprisonment from Hinds County, Mississippi pursuant to the Mississippi Tort Claims Act. The Defendants' false arrest and false imprisonment of the Plaintiff also violated the Plaintiff's Constitutional rights to due process under color of law, in violation of the 14th

Amendment and the Plaintiff is entitled to damages pursuant to 42 U.S.C. §§ 1983 and 1988 for the false arrest and false imprisonment from Defendant Tyler Miller.

16.

The Defendants, Malcolm E. McMillin and Hinds County, Mississippi further falsely imprisoned the Plaintiff by holding him for an excessive period of time without booking or processing which prevented the Plaintiff from being released on his own recognizance as ordered, and the Plaintiff is entitled to damages therefore pursuant to the Mississippi Tort Claims Act. The said false imprisonment by Defendant Malcolm E. McMillin also violated the Plaintiff's Constitutional rights to due process under color of law, in violation of the 14th Amendment and the Plaintiff is entitled to damages for that false imprisonment from Defendant McMillin pursuant to 42 U.S.C. §§ 1983 and 1988.

17.

The actions of the Defendants complained of herein constitute a reckless disregard for the safety and well being of a person not engaged in any criminal activity at the time of the injury and the Plaintiff is entitled to recover damages pursuant to the Mississippi Tort Claims Act.

18.

The actions of the Defendants complained of herein constitute an intentional infliction of mental and emotional distress and the Plaintiff is entitled to recover damages therefore from Defendant, Hinds County, Mississippi pursuant to the Mississippi Tort Claims Act.

19.

The Defendant, Malcolm E. McMillin has further violated the Plaintiff's Constitutional rights to due process and deprivation of his liberty by failing to institute proper policies and safeguards to insure that persons arrested are promptly booked and released as quickly as possible so as to minimize the incarceration times of innocent persons, such as the Plaintiff, caught up in the criminal justice system.  More specifically, the Defendant Malcolm E. McMillin violated the Plaintiff's Constitutional rights by operating the Hinds County jails and detention facilities in a manner that violated the Constitutional rights of the Plaintiff and others in the following regards;

1. by requiring that all booking of male prisoners be done at the Raymond facility, and

2. by not allowing the booking of male prisoners at the Jackson facility, and

3. by allowing Hinds County deputies and other law enforcement agencies to place arrestees in the Jackson facility even though those prisoners could not be booked at the Jackson facility, and

4. by not providing prompt transportation for unbooked male prisoners from the Jackson facility to the Raymond facility where they could be booked, and

5. by not providing sufficient staff and resources at the Raymond facility for the prompt booking of the arrestees as they arrived at the Raymond facility, and

6. by not requiring all Hinds County Deputies transporting arrestees from outside of Jackson to transport them directly to the Raymond facility where they could be booked instead of taking them to the Jackson jail first where

> they could not be booked, and
>
> 7. by not providing for the booking of male arrestees at the Jackson jail, and
>
> 8. by not providing any system to check the arrestees in when they arrived at the Jackson facility, and
>
> 9. by not providing any system to check the arrestees in when they arrived at the Raymond facility to insure prompt booking and to insure that the arrestees are booked in the order in which they arrived at the facility, and
>
> 10. by not providing for any system to produce and generate records showing the date and time each arrestee is placed into the Jackson and Raymond facilities, thereby allowing persons to sit for hours and days without any opportunity to bond out, and
>
> 11. by not having a system in place to honor a "release on recognizance" or other bond order within a reasonable period of time.

The Defendant, Malcolm E. McMillin, as the Sheriff of Hinds County, Mississippi is directly responsible for the promulgation of the procedures and policies set out above, that resulted in the deprivation of the Plaintiff's Constitutional right to due process as guaranteed by the 14th Amendment to the Constitution of the United States of America, and therefore the Plaintiff is entitled to damages from Defendant McMillin pursuant to 42 U.S.C. §§1983 and 1988.

20.

The Plaintiff would further show that his Constitutional rights to due process were violated by the Defendant Malcolm E. McMillin's failure to properly train and supervise his

deputies. The Defendant McMillin failed to train his deputies to take arrestees directly to a facility where they could be booked, and he failed to properly train and supervise Defendant Tyler Miller regarding the proper standards for the execution of a misdemeanor affidavit, *e.g.* that a misdemeanor affidavit had to be made upon the personal knowledge of the affiant and that a misdemeanor affidavit could not be made based upon speculation or conclusions, and Defendant McMillin failed to properly supervise and train his deputies regarding the importance of the due process rights of the public, and those failures by Defendant Miller directly led to the wrongful arrest and false imprisonment of the Plaintiff herein.

21.

The Plaintiffs damages accrued as a direct and proximate result of the wrongful conduct of the Defendants complained of herein include, but are not limited to; temporary and total deprivation of the Plaintiff's freedom, loss of enjoyment of life, mental and emotional distress with physical symptoms and manifestations, psychological trauma, future mental and emotional distress, past and future loss of reputation in the community, and such other damages as are inherent in the premises.

22.

The actions of the Defendant, Tyler Miller complained of herein were done with intentional and reckless disregard for the Constitutional rights of the Plaintiff and said actions were grossly negligent and intentional wrongs, and the Plaintiff is therefore entitled to recover punitive damages from Defendant, Tyler Miller.

23.

The actions of the Defendant, MALCOLM E. McMILLIN, in failing to maintain institutional control of his detention facilities, and in failing to institute and maintain appropriate and proper policies and procedures to insure the Constitutional rights of arrestees as set out herein, and in failing to properly train and supervise his deputies were grossly negligent and in reckless disregard for the rights of others, and the Plaintiff is therefore entitled to punitive damages from the Defendant, MALCOLM E. McMILLIN.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, Hinds County, Mississippi for the maximum amount allowable under the Mississippi Tort Claims Act, plus the Plaintiff further demands damages pursuant to §§ 1983 and 1988 against all Defendants herein, jointly and severally, in the principal amount of $750,000.00 as compensatory damages, plus reasonable attorney's fees, plus punitive damages in the amount of $1,000,000.00 each from the Defendants Malcolm E. McMillin and Tyler Miller, plus reasonable attorney's fees and all costs of Court.

Respectfully Submitted,

CRAIG ALLEN BEEDING


BY:  s/ G. Wayne Hynum
       G. WAYNE HYNUM, Attorney for Plaintiff

G. WAYNE HYNUM / MSB #2947
Attorney at Law
53 Lakewood Drive, Suite B
Hattiesburg, MS  39402
Telephone: (601) 583-2608
Facsimile: (601) 545-1985
email - Southernlawyer1@comcast.net

CERTIFICATE OF SERVICE

The undersigned attorney does hereby certify that on the 20th day of December, 2011, I electronically filed the above and foregoing pleading with the Clerk of Court for the United States District Court for the Southern District of Mississippi, using the ECF system which sent notification of such filing to; Michelle T. High, Esq., and J. Lawson Hester, Esq. attorneys of record for the Defendants.

THIS, the 20th day of December, 2011.

      s/ G. Wayne Hynum
      G. WAYNE HYNUM