IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CRAIG ALLEN BEEDING                                                           PLAINTIFF

v.                                                           CIVIL ACTION NO. 3:10cv713-DPJ-FKB

HINDS COUNTY, MISSISSIPPI, et al.                                          DEFENDANTS

ORDER

This § 1983 action is before the Court on the motion of Defendant Sheriff Malcolm McMillin, in his individual capacity, for summary judgment premised on qualified immunity [39]. The Court, having considered the memoranda and submissions of the parties, concludes that Plaintiff has not met his burden and that McMillin is entitled to qualified immunity.

I.      Facts and Procedural History

This case arises out of Plaintiff Craig Allen Beeding's October 23, 2008, detention by the Hinds County Sheriff's Department. At approximately 8:00 p.m. on that date, three Hinds County Deputy Sheriffs, including Defendant Tyler Miller, arrested Beeding in Hattiesburg, Lamar County, Mississippi. Beeding was charged with a misdemeanor count of petit larceny based on an affidavit Miller executed that stated that Beeding had stolen Miller's badge. The petit larceny charge against Beeding was ultimately dropped.

Following Beeding's arrest in Hattiesburg, the two Hinds County Deputy Sheriffs accompanying Miller transported Beeding to the Hinds County jail in Jackson, Mississippi, arriving at approximately 9:30 p.m. The deputies placed Beeding in a cell, where he remained until approximately 2:30 a.m., at which time he was moved to the Hinds County detention center in Raymond, Mississippi. All Hinds County detainees are booked at the Raymond facility; no booking occurs at the Jackson jail. In Raymond, Beeding was strip searched and placed into a

cell with other prisoners. The following morning, at approximately 8:30 a.m., Beeding was finally booked into the jail and, shortly thereafter, Beeding was released on his own recognizance.

Beeding filed this lawsuit against Hinds County, Mississippi; McMillin, in his individual and official capacities; and Miller, in his individual and official capacities, alleging claims under 42 U.S.C. § 1983 and state tort law.[1] Beeding alleges that McMillin promulgated policies and procedures that violated his constitutional rights and that McMillin failed to properly train his deputies. Specifically, he alleges that his Fourteenth Amendment due process rights were violated by his twelve-hour detention prior to being booked and released. Following some discovery, McMillin moved for summary judgment. Beeding responded in opposition, and the time for McMillin to file a reply has expired. The Court has personal and subject matter jurisdiction and is prepared to rule.

II.     Standard

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

---

[1] Beeding concedes his state-law claims against McMillin in his individual capacity. Pl.'s Resp. [42] at 4–5.

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (citations omitted).

III.     Analysis

McMillin seeks qualified immunity on Beeding's § 1983 claim against him in his individual capacity. Qualified immunity is a shield from individual liability for "'government officials performing discretionary functions . . . as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated.'" *Good v. Curtis*, 601 F.3d 393, 400 (5th Cir. 2010) (quoting *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)). "[Q]ualified immunity generally protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Id.* (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). It is "an

entitlement not to stand trial or face the other burdens of litigation." *Austin v. Johnson*, 328 F.3d 204, 207 (5th Cir. 2003) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Courts deciding qualified immunity employ a two-part test. *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005). First, the plaintiff "must claim that the defendants committed a constitutional violation under current law." *Id.* (citing *Wilson v. Layne*, 526 U.S. 603, 609 (1999); *Palmer v. Johnson*, 193 F.3d 346, 351 (5th Cir. 1999)). Second, the plaintiff "must claim that the defendants' actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of." *Id.* "The defendant's acts are held to be objectively reasonable unless all reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the United States Constitution or the federal statute as alleged by the plaintiff." *Thompson v. Upshur Cnty., Tex.*, 245 F.3d 447, 457 (5th Cir. 2001). Thus, "[a]n official is eligible for qualified immunity even if the official violated another's constitutional rights," as long as the conduct was not objectively unreasonable. *Id.* Finally, whether the conduct was objectively unreasonable is an issue of law reserved for the court. *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999).

Beeding fails to show McMillin violated his rights and therefore never surpasses the first prong. Section 1983 provides a civil cause of action against persons who violate constitutional rights while acting under color of state law. 42 U.S.C. § 1983. It is well-settled that "there is no vicarious or respondeat superior liability of supervisors under § 1983." *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 (5th Cir. 2006); *accord Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011) ("Under § 1983, however, a government official can be held liable only for his own misconduct.") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). Thus, a supervisory

4

official like McMillin "may be held liable [under § 1983] . . . if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (citation omitted). "A supervisor may also be liable for failure to supervise or train" his subordinates if "a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights." *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009). Under any theory, however, a supervisor can be held liable only if he acts "with deliberate indifference to the violations of others' constitutional rights." *Gates v. Tex. Dep't of Prot. & Reg. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008).

Deliberate indifference "is a stringent standard of fault, requiring proof that a [supervisory] actor disregarded a known or obvious consequence of his action." *Porter*, 659 F.3d at 446–47 (quoting *Connick v. Thompson*, — U.S. —, 131 S. Ct. 1350, 1360 (2011)). The actor must have "'actual or constructive notice' 'that a particular omission in [a] training program causes . . . employees to violate citizens' constitutional rights' and the actor nevertheless 'choose[s] to retain that program.'" *Id.* at 447 (quoting *Connick*, 131 S. Ct. at 1360). "A pattern of similar constitutional violations by untrained employees" or as a result of a particular policy "is ordinarily necessary to demonstrate deliberate indifference . . . ." *Id.* (quoting *Connick*, 131 S. Ct. at 1360) (internal quotation marks omitted). A plaintiff can also demonstrate deliberate indifference in the failure to adopt a policy if "it is obvious that the likely consequence of not adopting a policy will be a deprivation of constitutional rights." *Rayne v. Henderson Cnty.*, 973 F.2d 386, 392 (5th Cir. 1992) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989)).

5

Assuming Beeding's twelve-hour detention prior to being booked into the jail amounted to a violation of his due process rights, McMillin is nevertheless entitled to qualified immunity because Beeding has no evidence of "similar constitutional violations" resulting from McMillin's policies or failure to train. *Porter*, 659 F.3d at 447 (citation omitted). In fact, Beeding has presented no evidence that *any* other detainee experienced a significant delay between arrest and booking. Nor has Beeding shown that McMillin knew or should have known that constitutional violations would likely result from his failure to adopt different booking policies. As such, Beeding cannot establish that McMillin was deliberately indifferent in failing to adopt different booking policies or in failing to train his employees. McMillin is entitled to qualified immunity.

IV. Conclusion

The Court has considered all the parties' arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, Defendant Malcolm McMillin's Motion for Summary Judgment [39] is granted, and the § 1983 claim against him in his individual capacity is dismissed with prejudice. The parties are instructed to contact the magistrate judge to set the case for a status conference. The magistrate judge may then consider lifting the stay and revising, as necessary, the case management order.

**SO ORDERED AND ADJUDGED** this the 17th day of October, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE