UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CRAIG ALLEN BEEDING                                                                PLAINTIFF

v.                                                        CIVIL ACTION NO. 3:10cv713-DPJ-FKB

HINDS COUNTY, MISSISSIPPI, et al.                                              DEFENDANTS

ORDER

This false-arrest action is before the Court on the motion of Defendants Hinds County, Mississippi, and Tyler Miller for summary judgment [55]. The Court, having considered the memoranda and submissions of the parties, concludes that the motion should be granted on all claims except Plaintiff's defamation claim against Defendant Tyler Miller.

I.      Facts and Procedural History

On October 23, 2008, the Hinds County Sheriff's Department detained Plaintiff Craig Allen Beeding for allegedly stealing an officer's badge. Less than a week earlier, on October 17, Beeding attended his highschool reunion along with Defendant Miller, a deputy with the Hinds County Sheriff's Department. The two rode together to one of the events in Miller's van, and Miller then let Beeding borrow the vehicle to travel to another event. Beeding eventually returned the keys to Miller, but later in the night opened the driver's side door using a passcode. Miller observed Beeding looking in the vehicle and then reaching for his pocket. The next morning, Miller could not find his badge or the clip that held it. Believing the badge had been in the van, and based on other evidence discussed in more detail below, Miller concluded that his friend stole it. He therefore swore out the affidavit that caused Beeding's arrest. Miller later found the badge, and all charges were dropped.

Beeding filed this lawsuit against Hinds County, Mississippi; Sheriff Malcolm McMillin, in his individual and official capacities; and Miller, in his individual and official capacities, bringing claims under 42 U.S.C. § 1983 and state-tort law. McMillin is no longer a party in his individual capacity. Order [43] Oct. 17, 2012 (dismissing federal claims); Pl.'s Resp. [42] at 4–5 (conceding individual-capacity state-law claims).[1]

Although not all of Beeding's claims are easily recognized in his Amended Complaint, he states in his summary-judgment memorandum that the following causes of action remain for decision:

> Paragraph 14 - Claim against Tyler Miller for libel and defamation;
>
> Paragraph 15 - Claim against Tyler Miller for false arrest, false imprisonment, and 1983 action;
>
> Paragraph 16 - MTCA claim against McMillin/Hinds County for negligently holding the Plaintiff in jail for an excessive period of time without booking him.
>
> Paragraph 17 - Claim against all Defendants for reckless disregard for the safety and well being of a person not engaged in any criminal activity,
>
> Paragraph 18 - Intentional infliction of mental and emotional distress against all Defendants,
>
> Paragraph 22 - State claim and Sec. 1983 claims against Tyler Miller for gross negligence and intentional and reckless disregard for the rights of the Plaintiff,
>
> Paragraph 23 - Claim against McMillin/Hinds County for gross negligence.

Pl.'s Mem. [59] at 6. Defendants move for summary judgment on all claims. The Court has personal and subject-matter jurisdiction.

---

[1] The remaining claims against McMillin are brought against him in his official capacity and are therefore claims against the county. Henceforth, this Order will simply reference Hinds County when referring to it or these official-capacity claims.

II.     Standard of Review

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

III.    Analysis

    A.    Section 1983 Claims

The § 1983 claims have been narrowed to those related to Defendant Miller.  Section 1983 precludes deprivation of a right "secured by the Constitution and laws" of the United States by a person acting under color of state law.  42 U.S.C. § 1983; *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988).  Beeding alleges that Defendants' false arrest and false imprisonment violated his rights to due process under the Fourteenth Amendment.  Pl.'s Amd. Compl. ¶ 15.  Miller counters that he is entitled to qualified immunity.[2]

    1.    Qualified Immunity

"Qualified immunity protects government officials from money damages unless a plaintiff shows: (1) the official violated a statutory or constitutional right; and (2) the right was clearly established at the time of the challenged conduct."  *Khan v. Normand*, 683 F.3d 192, 194 (5th Cir. 2012) (citing *Ashcroft v. al-Kidd*, —— U.S. ——, ——, 131 S. Ct. 2074, 2080 (2011)).  "The clearly established part of the test is a high bar for a plaintiff to meet as he must show that 'the contours of the right [were] sufficiently clear that a reasonable official would understand that what he is doing violates a right.'"  *Batiste v. Theriot*, 458 F. App'x 351, 354 (5th Cir. 2012) (quoting *Anderson v. Creighton,* 483 U.S. 635, 640 (1987)).  "An officer is entitled to qualified immunity even if [he] violated a constitutional right, so long as [his] actions were objectively reasonable."  *Id*. (citing *Spann v. Rainey*, 987 F.2d 1110, 1114 (5th Cir. 1993)).  "Unless all

---

[2] Defendants interpret a § 1983 due-process claim regarding the length of the detention.  The § 1983 claims relate only to Miller, and it is not clear how the length of detention is causally connected to him.  In any event, Beeding's only response to this argument is that "[b]y executing a false affidavit against the Plaintiff, Tyler Miller deprived the Plaintiff of his liberty without due process of law."  Pl.'s Mem. [59] at 3.  As discussed below, probable cause existed.

reasonable officers in the defendants' circumstance would have known that the conduct in question violated the constitution, the defendant is entitled to qualified immunity." *Id*. (citing *Thompson v. Upshur Cnty., Tex*., 245 F.3d 447, 457 (5th Cir. 2001)).

    2.  False Arrest/False Imprisonment

Section 1983 recognizes claims for false arrest and false imprisonment. But to establish those claims, Beeding must show that Miller lacked probable cause to submit the affidavit accusing him of stealing the missing badge. *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001); *see also Haggerty v. Tex. S. Univ*., 391 F.3d 653, 655 (5th Cir. 2004). Beeding must also show that Miller's conclusion that probable cause existed was objectively unreasonable and therefore ineligible for qualified immunity.

Without citing any federal authority, Beeding argues against qualified immunity because Miller filed the affidavit "without any clear evidence of the theft." Pl.'s Mem. [59] at 9. Beeding notes as an example that Miller did not see Beeding take the badge. *Id*. at 7. He asserts that this rendered his actions "completely incompetent." *Id.* at 9. But this argument overstates the standard. "Probable cause exists when the facts available at the time of the arrest would support a reasonable person's belief that an offense has been committed and that the individual arrested is the guilty party." *Brown v. Sudduth*, 675 F.3d 472, 480–81 (5th Cir. 2012) (citation and punctuation omitted). "The probable cause issue must be analyzed under the totality of the circumstances as to whether there is a fair probability that a crime occurred." *United States v. Garcia*, 179 F.3d 265, 269 (5th Cir. 1999) (citation and punctuation omitted). "A fair probability does not mean that a reasonable official would have thought it more likely than not that the defendant committed a felony. . . . In short, the requisite fair probability is something more than

a bare suspicion, but need not reach the fifty percent mark." *Id*. (internal citation and punctuation omitted). And in the qualified-immunity context, Beeding "must clear a significant hurdle . . . ." *Haggerty*, 391 F.3d at 656 (citation omitted). "There must not even arguably be probable cause for the arrest for immunity to be lost." *Id*. (citation and punctuation omitted).

The totality of circumstances in this case show an arguable basis for probable cause. The relevant circumstances involve several reunion-related functions Beeding and Miller attended. First, Miller and Beeding went to a "get-together" at a mutual friends house before a football game at their old highschool. Miller Dep. at 129. Miller testified that he recalled placing the badge and its clip in the front coin tray of the van before the two exited the vehicle to go to this function. *Id*. At some point, a third classmate, Melody Walker, joined Miller and Beeding and rode with them to the ball game. She does "not recall seeing" the badge at that time. Walker Aff. at 1–2. Midway through the game, Miller gave Beeding his keys, and Beeding and Walker drove alone to an after-party. *Id*. Walker states more emphatically that the badge was not present on this trip. *Id.* at 2. Miller later joined the after-party, and Beeding returned Miller's keys.

Later that same evening, Beeding returned to the van and without permission used a passcode to enter the vehicle. When Miller was ready to leave, he found Beeding leaning in the van's driver's side door. According to Miller, he saw Beeding reaching in the front seat and then pull up and appear to reach for his pocket. Miller also testified that Beeding seemed nervous. The next day, Miller could not locate the badge or clip he recalled leaving in the coin tray, so he called Beeding. Beeding apparently described both items but then said he had not seen them. Miller thought the response was odd and concluded that Miller had taken the badge.

Viewing the facts in a light most favorable to Beeding, the Court assumes the badge was not in the coin tray when Walker joined the party. But "the deficiency of any one piece of evidence used to demonstrate probable cause does not, on its own, mean that probable cause did not exist." *Crostley v. Lamar Cnty., Tex.*, 717 F.3d 410, 423 (5th Cir. 2013). Even assuming Walker is correct, the remaining facts are sufficient to establish probable cause. Or, more to the point, it was objectively reasonable to conclude that probable cause existed.

This probable-cause finding survives Beeding's observation that the badge and clip were later found in Miller's briefcase. Miller has sworn that he was 100% convinced Beeding had taken the items, and Beeding has not offered any evidence challenging Miller's belief. Indeed the evidence demonstrates nothing more than a mistake. There is no proof Miller intentionally violated Beeding's rights. Beeding described Miller as his "long-time friend," and said everything that night was "normal." Beeding Dep. at 23. For his part, Miller trusted Beeding enough to given him the keys to his van. While Miller may have wrongfully concluded that Beeding took the badge, law enforcement officials who "reasonably but mistakenly conclude that probable cause is present" are entitled to immunity. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991); *see also Baker v. McCollan*, 443 U.S. 137, 145 (1979) ("The Constitution does not guarantee that only the guilty will be arrested."); *Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 754 (5th Cir. 2001) ("Whether the crime actually occurred or whether a suspect is eventually convicted is irrelevant to the probable cause analysis. The inquiry focuses only on what the officer could

have reasonably believed at the time . . . ."). Miller is entitled to qualified immunity on the § 1983 claims.[3]

       B.       State-Law Claims

Having eliminated all of Beeding's federal claims, the Court now turns to Beeding's state-law claims against Miller and Hinds County, but first a word about jurisdiction.

       1.       Supplemental Jurisdiction

District courts may decline supplemental jurisdiction over "a claim" when all claims over which the court had original jurisdiction have been dismissed. 28 U.S.C. § 1367(c)(3). But while the "'general rule' is to decline to exercise jurisdiction over pendent state-law claims" under such circumstances, the "rule is neither mandatory nor absolute." *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (quoting *McClelland v. Gronwaldt*, 155 F.3d 507, 519 (5th Cir. 1998)). Rather, the Court must consider "both the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity." *Id.* (citations omitted).

In this case, the matter has been pending for over two years, the parties have completed discovery, and Mississippi law is clear as to the state-law ("IIED"), false imprisonment, and false arrest claims. Thus, the *Batiste* factors weigh in favor of pendent jurisdiction over those claims. *Id.* at 227–28 (holding that district court abused its discretion in refusing to exercise supplemental jurisdiction over state-law claims where they presented no novel or complex issues of state law and case had been pending in district court for three years). It is less clear however

---

[3]Miller alternatively argues that the warrant issued by the magistrate breaks the causal connection. Beeding never squarely answers this argument which seems meritorious. *See Taylor v. Gregg*, 36 F.3d 453, 456–57 (5th Cir. 1994).

that Beeding's defamation claim presents no novel and complex issues of state law. This issue is explored further below.

2.  Statute of Limitations

Defendants first argue that Beeding's MTCA claims are barred by the one-year statute of limitations. Beeding responds that Defendants waived this defense by not raising it in response to the Complaint. In their belated reply, Defendants acknowledge but fail to respond to Beeding's argument that they waived the statute-of-limitations defense. The issue is deemed conceded.

3.  State-Law Claims Against Hinds County

It is first important to frame the claims. Beeding's response clarifies that he is not pursuing some of the claims Defendants addressed in their motion. But he also identifies two claims that are not before the Court. First, Beeding's Response states that he asserts a separate "claim against all Defendants for reckless disregard for the safety and well being of a person not engaged in any criminal activity." Pl.'s Resp. [60] at 6. But this is merely the requirement to abrogate MTCA immunity for activities relating to police or fire protection. *See* Miss. Code Ann. § 11-46-9(1)(c). Second, Beeding cites Paragraph 16 of his Amended Complaint as stating a negligence claim against the county for holding him in jail. Pl.'s Resp. [60] at 6. But that paragraph never mentions negligence. He later pleads gross negligence, but that averment relates to his claim for punitive damages. *See* Amd. Compl. ¶ 23. Because simple negligence was raised for the first time in response to Defendants' motion, it is not properly before the Court. *See Cutrera v. Bd. of Sup'rs of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim

which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court.").

That leaves Beeding's claim for IIED. Although Hinds County argued that the claim should be dismissed, Beeding never explained why the claim should survive the motion. The Court therefore finds that the motion should be granted. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) ("[Plaintiff's] failure to pursue this claim beyond [the] complaint constituted abandonment.").[4]

### 4.  State-Law Claims Against Miller

#### a.  False Arrest/False Imprisonment and IIED

Beeding asserts in his response that he seeks damages under state law from Miller for false arrest, false imprisonment, and IIED.[5] "The law is clear" however that none of these claims survives "[i]f the officers had probable cause to arrest . . . ." *Mitchell v. City of Jackson, Miss.*, 481 F. Supp. 2d 586, 588–89 (S.D. Miss. 2006) (citing *Haggerty*, 391 F.3d at 655 (holding that false arrest/false imprisonment claim requires showing that officer lacked probable cause); *Granger v. Slade*, 361 F. Supp. 2d 588, 593 (S.D. Miss. 2005) (holding that absence of probable cause is an essential element false arrest/false imprisonment); *Croft v. Grand Casino Tunica, Inc.*, 910 So. 2d 66, 75–76 (Ms. Ct. App. 2005) (holding that probable cause defeats IIED claims)); *see also Kelly v. Beau Rivage Resorts, Inc.*, 184 F. App'x 364, 365 (5th Cir. 2006)

---

[4]Probable cause existed in any event. *See infra*.

[5]It is not clear that Beeding ever pleaded an IIED claim against Miller. Paragraph 18 of his Amended Complaint states: "The actions of the Defendants complained of herein constitute an intentional infliction of mental and emotional distress and the Plaintiff is entitled to recover damages therefore *from Defendant, Hinds County*, Mississippi pursuant to the Mississippi Tort Claims Act." (emphasis added).

(applying Mississippi law and holding that probable cause precluded claims for false arrest, false imprisonment, and IIED).  Because probable cause existed, these claims fail.

                b.        Libel and Defamation

Miller initially offered his statute-of-limitations argument to defeat this claim, and Beeding limited his response to that point.  Other than that, Miller's only direct statement regarding defamation in his initial memorandum is that "[e]ssential to any claim of libel, defamation . . . is the fact that an act must be performed falsely or unlawfully or with malice or reckless disregard.  Herein, no such elements can be proven with respect to Tyler Miller."  Defs.' Mem. Supp. Summ. J. [56] at 21.  Miller neither elaborates on this argument nor revisits the issue in rebuttal.  He likewise offers no authority to support this articulation of the standard, which appears to conflict with Mississippi law.

To state a defamation claim in Mississippi, Beeding must prove: "(1) a false and defamatory statement . . . concerning plaintiff; (2) unprivileged publication to third party; (3) fault amounting at least to negligence on part of publisher; (4) and either actionability of statement irrespective of special harm or existence of special harm caused by publication." *Armistead v. Minor*, 815 So. 2d 1189, 1193 (Miss. 2002) (citation omitted).  Miller never addresses these elements, and there exists a difficult issue whether Miller exceeded available privileges.  *See Krebs v. McNeal*, 76 So. 2d 693, 699–700 (1955).  Given the limited authority on that point, the Court is unwilling to go it alone.  Summary judgment is therefore denied.

The Court's own research as to the privilege element of defamation indicates that this claim might present a "novel or complex issue of State law." 28 U.S.C. § 1367(c)(1).  Perhaps this is why neither party addressed it in their respective briefs.  The parties are therefore ordered

to show cause why the issue is neither novel nor complex and why the Court should exercise supplemental jurisdiction over the defamation claim.

      C.      Punitive Damages

Beeding's punitive damages claims obviously fail as to those claims that have been dismissed. But punitive damages can be awarded in cases of defamation. *See, e.g.*, *Newson v. Henry*, 443 So. 2d 817, 824 (Miss. 1983). While obtaining a punitive instruction requires a heavy burden, the Court will defer on this issue until after a bifurcated proceeding on liability. *See* Miss.Code Ann. § 11-1-65(1)(b)–(c).

IV.      Conclusion

The Court has considered all of the parties' arguments. Those not addressed would not change the result. For the foregoing reasons, the Court finds that the motion for summary judgment should be granted as to Beeding's § 1983 claims, state-law claims against McMillin in his official capacity and Hinds County, and all state-law claims against Miller except for the defamation claim. Miller and Beeding are ordered to show cause why the remaining defamation claim against Miller should not be remanded to state court. Each party should file a brief in response to this order addressing the defamation-related issues discussed above on or before December 2, 2013. No responses or replies shall be filed.

      **SO ORDERED AND ADJUDGED** this the 18th day of November, 2013.

                              s/ *Daniel P. Jordan III*
                              UNITED STATES DISTRICT JUDGE